OPINION
PER CURIAM.
Petitioner Robert Gene Rega, proceeding pro se, filed this mandamus petition pursuant to 28 U.S.C. § 1651(a), seeking an order compelling the District Court to adjudicate petitioner’s motion to compel discovery. For the reasons that follow, we will deny the petition.
I.
Rega is currently an inmate at the State Correctional Institution (“SCI”) at Greene, in Waynesburg, Pennsylvania. On February 6, 2008, Rega filed a civil rights action in the Western District of Pennsylvania against the Secretary of the Department of Corrections (“DOC”) and other DOC and SCI officials, alleging a failure to protect and/or intervene in connection with an assault by another inmate, deliberate indifference to his serious medical needs, and retaliation.
Rega alleges that on or about May 25, 2009, he issued discovery requests to the named defendants. On July 15, 2009, Rega filed a motion to compel responses to his discovery requests. Rega supplemented this motion on July 27, 2009. Defendants opposed the motion, and on August 31, 2009, Rega filed a reply.[1] On October 26, 2009, Rega filed the instant petition for writ of mandamus seeking an order compelling the District Court to rule on his motion. Rega believes that the District Court’s delay is preventing Rega from obtaining evidentiary support for his claims necessary to respond to defendants’ anticipated motion for summary judgment.
II.
Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Before a writ of mandamus will issue, the petitioner must establish that the writ is not being used as a substitute for the regular appeals process, that there is no alternative remedy or other adequate means to obtain the desired relief, and that the right to the relief sought is “clear and indisputable.” Id. at 403, 96 S.Ct. 2119; see also In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005).
As a general rule, “matters of docket control and conduct of discovery” are within the sound discretion of the District Court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.1982). Nonetheless, mandamus may be warranted in cases where a district court’s delay is “tantamount to a failure to exercise jurisdiction.” Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996). This case, however, does not present such a situation. Rega filed his motion to compel on July 15, 2009, defendants’ responded, and Rega filed a reply on August 31, 2009. A delay of four months in the disposition of a motion to *248 compel “does not yet rise to the level of a denial of due process,” and we are confident that the District Court will enter an order in due course. See Id. (holding that district court’s delay of four months did not warrant mandamus relief).
Accordingly, Rega’s mandamus petition will be denied. This denial is without prejudice to petitioner filing a new petition for writ of mandamus if the District Court does not act within 120 days of the date of this order.

. On the same date, Rega also filed a motion to compel responses to plaintiffs’ first and second set of interrogatories. That motion appears to be a separate motion to compel from the one at issue here.